IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MATTHEW L. THACKER,

        **Plaintiff,**

  v.                                 Civil Action No. 3:22cv779

MICHAEL BRECKON, *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

Matthew L. Thacker, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action.[2] On December 14, 2022, the action was transferred to this Court upon the retirement of the Honorable Liam O'Grady, United States District Judge.

By Memorandum Opinion and Order entered on August 19, 2022, the Court dismissed the action. (ECF No. 119, 120.) The matter is now before the Court on Thacker's August 29, 2022 Motion for Leave to File a Supplemental Complaint (the "Second Motion for Leave to File a Supplemental Complaint"). (ECF No. 122.)[3] For the reasons set forth below, Thacker's Second Motion for Leave to File a Supplemental Complaint will be DENIED. (ECF No. 122.)

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions. The Court generally omits any secondary citations in the quotations from the parties' submissions.

[3] Thacker's Second Motion for Leave to File a Supplemental Complaint was executed on August 23, 2022, after the Court had dismissed the action. (ECF No. 122–1 at 11.)

## I. Procedural History

### A. The Second Amended Complaint

Prior to the dismissal of the action, the action was proceeding on Thacker's Second

Amended Complaint. (ECF No. 117 at 1–2 (citing ECF No. 21-1).)

> In the second amended complaint (SAC) Thacker alleges that Harold Clarke, Officer N. Edmonds, and D.D. Hicks violated his Eighth Amendment rights by failing to protect him from harm during his incarceration at [the Lawrenceville Correctional Center, "(LCC)"]. *See* Dkt. No. 21-1. In particular, Thacker alleges that beginning in September 2019, and lasting until January 2021, he reported to Edmonds and Hicks that he had been threatened by offenders in his pod, including by his cellmate. [sic] defendants failed to take any corrective action, Thacker adds, he was ultimately harmed when those threats came to fruition. Thacker additionally seeks to impose liability on Clarke for his role in implementing [Virginia Department of Corrections] operating procedures related to housing assignments, which, in Thacker's view, allowed him to be housed with inmates who posed a threat to him.

(ECF No. 117, at 1–2.)[4]  On June 3, 2022, Thacker moved for leave to file a supplemental

complaint (the "First Motion for Leave to File a Supplemental Complaint"). (ECF No. 103.)

Thacker attached his proposed third amended complaint to the First Motion for Leave to File a

Supplemental Complaint. (ECF No. 103-1.)

### B. Denial of the First Motion for Leave to File a Supplemental Complaint

"The proposed third amended complaint (TAC) [sought] to add failure-to-protect claims

against six additional LCC officers: Smith; Watson; Stephenson; E. Fant; Miller; and Fritz."

(ECF No. 117, at 1.)  By Order entered on July 27, 2022, the Court denied Thacker's First

Motion for Leave to File a Supplemental Complaint, "[b]ecause the proposed TAC would violate

federal joinder rules and, further, fail[ed] to state a claim for relief against these six officers,

---

[4] Thacker also sought to sue Warden Michael Breckon in the Second Amended Complaint. (ECF No. 21–1, at 1.)  By Order entered on April 7, 2021, the Court dismissed Thacker's claims against Warden Breckon. (ECF No. 22, at 2.)

[and] granting leave to amend was not in the interest of justice." (ECF No. 117, at 1.)

Specifically, the Court noted that in the TAC, Thacker sought to add additional failure-to-protect

claims. (ECF No. 117, at 2.) The Court stated:

> Thacker now seeks to add additional failure-to-protect claims. The proposed TAC alleges that, on the evening of May 5, 2022, his cellmate asked him to perform oral sex in exchange for a cup of coffee. *See* TAC ¶ 53. The new allegations primarily focus on what happened next—that he reported this incident to numerous officers, and none took any corrective action. First, Thacker alleges, he gave Officer Smith an emergency complaint to report a violation under the Prison Rape Elimination Act (PREA). *See id.* Thacker alleges that Smith threw away the emergency grievance. *See id.* ¶ 57. Thacker also alleges that he told Officer Watson what had happened, and he told Thacker to return to his cell, even though his cellmate was still there. *See id.* ¶¶ 58–59. Next, Thacker alleges, he told Officer Stephenson what had transpired, and she walked away and did nothing. *See id.* ¶ 60. Then, the next morning, Thacker continues, he gave Officer Fant an emergency PREA complaint. *See id.* According to Thacker, Fant told him the issue was not an emergency and to go back to his cell. *See id.* Thacker further alleges that he also reported what his cellmate did to Officer Miller, who took no action afterwards. *See id.* ¶ 63. Finally, Thacker alleges, he told another officer that he needed to talk to Officer Fritz "about his situation," but Fritz "took no action to resolve Thacker's safety issue." *See id.* ¶ 64–65.

(ECF No. 117, at 2 (punctuation corrected).)

In denying Thacker's First Motion for Leave to File a Supplemental Complaint, the Court

stated:

> Defendants urge the Court to deny Thacker's motion for leave to file a TAC on the ground that joinder of the proposed claims would be improper. *See* Dkt. No. 107. In particular, they argue that the proposed TAC violates Federal Rule of Civil Procedure 20 because there is no common issue of law or fact between the parties, and the new claims—arising out of an incident that allegedly occurred years after the activities underlying the operative complaint—do not arise out of the same series of transactions or occurrences.
> When a plaintiff seeks to bring multiple claims against multiple defendants, the plaintiff must satisfy Rule 20, which provides in pertinent part:
>> (2) *Defendants.* Persons . . . may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.

Although the Court concludes that there is a common question of law brought against each defendant—failure to protect—the Court agrees with defendants that the proposed TAC fails to meet Subsection (A)'s so-called transactional test. "[T]wo claims arise from the same transaction — and therefore can be joined in the same action — when there is a 'logical relationship' between them." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (internal citations omitted). A logical relationship may be found when the proposed complaint alleges a "consistent pattern" of malfeasance among the named defendants. *See MK. v. Tenet*, 216 F.R.D. 133, 142 (D.D.C. 2002), *cited in Courthouse News Serv. v. Schaeffer*, 429 F. Supp. 3d 196, 202 (E.D. Va. 2019). Thacker objects, asserting that the claims are related because all the harms inflicted by other prisoners occurred because of his known status as a sex offender, and, each time, none of the named defendants (proposed and current) protected him from those harms. This argument is relevant to Subsection (B), and the Court, indeed, agrees with Thacker on that point; there is a common question of law. But Thacker has not presented any pattern that links the proposed and previous allegations, and so the Court cannot conclude that the proposed new claims are a continuation of the harms alleged in the operative complaint. Thus, joinder of the proposed claims would be improper, and justice does not require granting leave to amend.

Moreover, the Court further concludes that granting leave to amend would be futile because the proposed TAC fails to state a failure-to-protect claim against any of the six new defendant-officers. To state a claim for relief, the TAC must allege that the officers acted with deliberate indifference because they each "kn[e]w the plaintiff inmate face[d] a serious danger to his safety and they could avert the danger easily yet they fail[ed] to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Here, Thacker principally claims that the officers acted with deliberate indifference to his safety by failing to take any action *after* he reported that his [cellmate] sexually harassed him. He does not allege that the defendant-officers had any advanced warning that his cellmate posed a danger to his safety. Moreover, to state a claim for relief under a theory that the officers failed to protect him from another prisoner, Thacker must allege that the defendants' actions caused "a serious or significant physical or emotional injury." *Id.* at 722–23 (internal citations omitted). The proposed TAC fails to do this. In fact, the proposed TAC does not allege that, after the initial incident he reported, that there were any further incidents that the officers failed to protect him from. Therefore, amendment to add failure-to-protect claims against these six defendant-officers would be futile, and the motion for leave to amend shall be denied.

(ECF No. 117, at 3–5 (alterations in original, except for second to last).)

4

C. **The August 19, 2022 Dismissal of the Action**

Defendants Hicks and Edmonds, officers at LCC, moved to dismiss Thacker's claims for injunctive relief as moot. *See Thacker v. Breckon*, No. 1:20CV609 (LO/WEF), 2022 WL 3580744, at *1 (E.D. Va. Aug. 19, 2022). Additionally, Defendants Hicks, Edmonds, and Clarke moved for summary judgment. *Id.* "Because the claims for injunctive relief [were] mooted by Thacker's transfer out of LCC, and the undisputed evidence [did] not demonstrate that the defendants acted with deliberate indifference to a known risk to Thacker's safety," and on August 19, 2022, the Court granted Defendants' motions, *id.*, and entered judgment in favor Defendants. (ECF No. 121.)

On August 29, 2022, Thacker filed his Second Motion for Leave to File a Supplemental Complaint. (ECF No. 122.)

On December 14, 2022, the action was transferred to this Court upon the retirement of the Honorable Liam O'Grady, United States District Judge.

## II. Analysis

Along with his Second Motion for Leave to File a Supplemental Complaint, Thacker submitted a Proposed Fourth Amended Complaint. (ECF No. 122–1.) The Proposed Fourth Amended Complaint is almost entirely identical to the Proposed Third Amended Complaint. (*Compare* ECF No. 103–1 *with* ECF No. 122–1.)

Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may not deny a motion to amend "simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted). "In other words, a court should evaluate a

postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *Laber*, 438 F.3d at 427).

The Court has previously noted that it would be futile to permit Thacker to amend his complaint to add the new claims, parties, and allegations in the Third Proposed Amended Complaint. (ECF No. 117, at 5.) The new claims, parties, and allegations in the Fourth Proposed Amended Complaint are almost entirely identical to the Third Proposed Amended Complaint. No novel claims create issues outside of the Court's previous determination. Thacker fails to explain why the Court should alter its prior conclusion that the proposed amended claims violated the rules governing joinder and it would be futile to permit the amendment. Accordingly, for the reasons set forth in the Order entered on July 27, 2022, the Court finds that the interests of justice would not be served by permitting Thacker's proposed amendment. (ECF No. 117, at 3–5.) Thacker's Second Motion for Leave to File a Supplemental Complaint will be DENIED. (ECF No. 122.) An appropriate Final Order will accompany this Memorandum Opinion.

Date: 1/13/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge